# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                   **Case No. 04-CR-71**

**LAMAR RAY**
        **Defendant.**

## ORDER

Defendant Lamar Ray pleaded guilty to three armed robberies under 18 U.S.C. §§ 2113(d) and 1951, and two counts of use of a firearm during a crime of violence under 18 U.S.C. § 924(c), and on November 29, 2006, I sentenced him to a total of 492 months in prison. He took no appeal. Defendant has now filed a motion to obtain the transcripts of his sentencing and plea hearings, stating that he needs them in order to prepare a motion under 28 U.S.C. § 2255. He relies primarily on 28 U.S.C. § 753(b) as authority for his request.

Section 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that the documents requested are necessary for the preparation of some specific non-frivolous court action. United States v. Tolliver, No. 04-CR-40014, 2007 WL 611236, at *2 (S.D. Ill. Feb. 26, 2007) (citing United States v. Wilkinson, 618 F.2d 1215, 1218-19 (7th Cir. 1980); Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977); United States v. Groce, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993)). It appears from his motion that defendant Ray has exhausted his other avenues to obtain the records he seeks, and that based on his prison trust account he is financially eligible. However, the transcripts

he seeks are not part of the court's file.[1] Thus, the court cannot provide them under § 753(b). In any event, defendant fails to demonstrate that he needs the transcripts for a non-frivolous action. He indicates that they "contain important factual material" for his § 2255 motion, but he does not specify what that material is. Nor does he specify the claims he intends to raise in his § 2255 motion. I note that as part of his plea agreement defendant waived his right to appeal or collaterally attack his conviction or sentence under 28 U.S.C. § 2255, subject to three narrow exceptions. Defendant makes no showing that any of those exceptions apply. Thus, even if the requested documents were in the court file, defendant's motion would fail.

Defendant also refers to 28 U.S.C. § 753(f) in his motion. Section 753(f) allows an indigent defendant to obtain the preparation of free transcripts to prosecute a § 2255 action, "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." However, the defendant must first <u>file</u> the § 2255 action in order to obtain preparation of transcripts under § 753(f). <u>United States v. Horvath</u>, 157 F.3d 131, 132-33 (2d Cir. 1998) (collecting cases); <u>United States v. Bumpus</u>, 125 F. Supp. 2d 190, 191-92 (S.D. W. Va. 2001); <u>see also</u> <u>Tolliver</u>, 2007 WL 611236, at *1 (stating that § 753(f) applies when the transcript is need to decide an issue presented by a <u>pending</u> and non-frivolous action). Because defendant has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f). Further, for the same reasons stated above, I cannot determine that defendant's expected § 2255 action has any possible merit.

---

[1] Defendant attaches to his motion a copy of an invoice apparently prepared by the court reporter in connection with the two transcripts he seeks. However, the transcripts referenced therein have not been filed with the clerk of court.

2

**THEREFORE, IT IS ORDERED** that defendant's motion for transcripts (R. 149) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 28th day of November, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge